United States Bankruptcy Court
Southern District of Texas
**ENTERED**
July 26, 2023
Nathan Ochsner, Clerk

**IN THE UNITED STATED BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE, CORPUS CHRISTI, GALVESTON, HOUSTON, LAREDO,
MCALLEN, AND VICTORIA DIVISIONS**

| | | |
|---|---|---|
| IN RE: | § | |
| | § | **CASE NO: 23-00391** |
| **UNITED STATES TRUSTEE** | § | |
| and | § | |
| **MICHAEL LEE ROSALES** | § | |
| and | § | |
| **MARTIN MORENO** | § | |
| and | § | |
| **DOMINIQUE MARIE VILLARREAL** | § | |
| and | § | |
| **UNITED STATES TRUSTEE** | § | |
| and | § | |
| **CATHERINE STONE CURTIS** | § | |
| and | § | |
| **BRANDON LEE YOUNG** | § | |
| and | § | |
| **LAURIE E. WASHINGTON** | § | |
| and | § | |
| **TOBIAS DAVID KETTLE, JR.** | § | |
| | § | |
| | § | |
| | § | **MISC. PROCEEDING** |

<u>**MEMORANDUM OPINION**</u>

This Court writes the instant memorandum opinion as a warning to all persons who recklessly guide vulnerable debtors into bankruptcy without regard for the consequences. Over the past several months, there has been a concerning spike in bankruptcy petition preparer cases before this Court. Here, Rodarius Mitchell repeatedly violated numerous sections of 11 U.S.C. §110, and, as a result, has greatly harmed the lives of many. Section 110 provides harsh sanctions for those who fail to comply, and this Court intends to fully enforce such measures when applicable.

On April 14, 2023, the Court opened this Miscellaneous Proceeding in order to consolidate numerous matters in which Rodarius Mitchell allegedly served as a bankruptcy petition preparer

in violation of 11 U.S.C. § 110.[1]  In total, seven debtors have been added to this Miscellaneous Proceeding: (1) Michael Rosales; (2) Martin Moreno; (3) Dominique Villareal; (4) Virginia Herrera; (5) Laurie Washington; (6) Tobias Kettle, Jr.; and (7) Brandon Young.[2]  The Court held hearings on these matters on April 28, 2023[3] and May 12, 2023.[4]  On July 7, 2023, both the United States Trustee and Rodarius Mitchell filed briefs.[5]

For the reasons set forth below, the Court finds Rodarius Mitchell served as bankruptcy petition preparer under 11 U.S.C. § 110(a)(1) for (1) Michael Rosales; (2) Tobias Kettle, Jr.; and (3) Brandon Young.  The Court further finds that Mitchell did not act as a bankruptcy petition preparer for (1) Martin Moreno; (2) Dominique Villareal; (3) Virginia Herrera; and (4) Laurie Washington.

In regard to (1) Michael Rosales; (2) Tobias Kettle, Jr.; and (3) Brandon Young, Rodarius Mitchell violated 11 U.S.C. § 110(b)(1), (b)(2), (c)(1), (e)(2)(A) and (h)(2) as to each debtor.  Thus, within the Southern District of Texas Bankruptcy Courts, Rodarius Mitchell is enjoined from: (i) giving, providing, or offering advice and counsel to any person regarding their eligibility to file bankruptcy or the consequences to them of filing a bankruptcy case under Title 11 of the United States Code; (ii) encouraging, counseling, advising or assisting any person with filing a bankruptcy case under Title 11 of the United States Code; and (iii) from engaging in the unauthorized practice of law, as defined in §§ 81.101 and 81.102 Tex. Govt. Code Ann.  Furthermore, the fees obtained by Rodarius Mitchell are forfeited and Rodarius Mitchell must, on or before August 28, 2023, reimburse Michael Rosales $2,300.00; Tobias Kettle, Jr. $4,500.00; and Brandon Young

---

[1] See Min. Entry Apr. 14, 2023.
[2] ECF Nos. 1, 9.
[3] ECF No. 8.
[4] ECF No. 16.
[5] ECF Nos. 43, 44.

$3,500.00, in good and sufficient funds.  Finally, Rodarius Mitchell is fined $22,500.00 and must, on or before August 28, 2023, remit such payment to the United States Trustee.

## I.     FINDINGS OF FACT

This Court makes the following findings of fact and conclusions of law pursuant to Federal Rule of Civil Procedure 52, which is made applicable to adversary proceedings pursuant to Federal Rule of Bankruptcy Procedure 7052.  To the extent that any finding of fact constitutes a conclusion of law, it is adopted as such.  To the extent that any conclusion of law constitutes a finding of fact, it is adopted as such.  This Court made certain oral findings and conclusions on the record.  This Memorandum Opinion supplements those findings and conclusions.  If there is an inconsistency, this Memorandum Opinion controls.

### A.  Background

1.  On December 30, 2022, Virginia Herrera ("*Herrera*") filed her chapter 7 petition in Case No. 22-70222.[6]

2.  On December 30, 2022, Brandon Young ("*Young*") filed his chapter 7 petition in Case No. 22-33890.[7]

3.  On January 3, 2023, Laurie Washington ("*Washington*") filed her chapter 7 petition in Case No. 23-30036.[8]

4.  On January 3, 2023, Tobias Kettle, Jr. ("*Kettle*") filed his chapter 7 petition in Case No. 23-30033.[9]

5.  On February 6, 2023, Michael Lee Rosales ("*Rosales*") filed his chapter 7 petition in Case No. 23-70020.[10]

6.  On February 6, 2023, Dominique Villareal ("*Villareal*") filed her chapter petition in Case No. 23-30416.[11]

---

[6] Bankr. Case No. 22-70222 at ECF No. 1.
[7] Bankr. Case No. 22-33890 at ECF No. 1.
[8] Bankr. Case No. 23-30036 at ECF No. 1.
[9] Bankr. Case No. 23-30033 at ECF No. 1.
[10] Bankr. Case No. 23-70020 at ECF No. 1.
[11] Bankr. Case No. 23-30416 at ECF No. 1.

7.  On February 7, 2023, Martin Moreno ("*Moreno*") filed his chapter 7 petition in Case No. 23-70024.[12]

8.  On February 21, 2023, Washington's Case No. 23-30036 was dismissed.[13]

9.  On March 1, 2023, Kettle's Case No. 23-30033 was dismissed.[14]

10.  On March 1, 2023, Young's Case No. 22-33890 was dismissed.[15]

11.  On March 24, 2023, Herrera appeared at a hearing in Case No. 22-70222, and advised the Court that she had received assistance in filing her chapter 7 petition from Rodarius Mitchell ("*Mitchell*").[16]

12.  On March 31, 2023, Mitchell appeared at a show cause hearing in Case No. 22-70222 and testified about his involvement with Herrera.[17]

13.  On April 14, 2023, this Court sua sponte commenced the instant Miscellaneous Proceeding against Mitchell and added Herrera, Rosales, Moreno, and Villareal to the case.[18]

14.  On April 17, 2023, the Court issued an order requiring Mitchell to show cause as to how he has not: (i) engaged in the unauthorized practice of law; (ii) violated the Federal Rules of Bankruptcy Procedure, including but not limited to, Bankruptcy Rule 9010; (iii) violated Bankruptcy Local Rules promulgated by the United States Bankruptcy Court for the Southern District of Texas; (iv) violated the laws of the Texas, as found in chapter 81 of the Texas Government Code, with respect to Herrera, Rosales, Moreno, and Villareal ("*Show Cause Order*").[19]

15.  On April 28, 2023, the Court had a hearing ("*Initial Hearing*") on the Show Cause Order.[20]

16.  On May 1, 2023, the Court issued an order vacating the dismissals of Washington, Kettle, and Young and adding Washington, Kettle, and Young to the Miscellaneous Proceeding. The order also required Mitchell to show cause as to how he has not: (i) engaged in the unauthorized practice of law; (ii) violated the Federal Rules of Bankruptcy Procedure, including but not limited to, Bankruptcy Rule 9010; (iii) violated Bankruptcy Local Rules promulgated by the United States Bankruptcy Court for the Southern District of Texas; (iv)

---

[12] Bankr. Case No. 23-70024 at ECF No. 1.
[13] Bankr. Case No. 23-30036 at ECF No. 17.
[14] Bankr. Case No. 23-30033 at ECF No. 24.
[15] Bankr. Case No. 22-33890 at ECF No. 31.
[16] Bankr. Case No. 22-70222, Mar. 24, 2023 Min. Entry.
[17] Bankr. Case No. 22-70222, Mar. 31, 2023 Min. Entry.
[18] See Min. Entry Apr. 14, 2023.
[19] ECF No. 1.
[20] ECF No. 8.

violated the laws of the Texas, as found in chapter 81 of the Texas Government Code, with respect to Washington, Kettle, and Young ("*Supplemental Show Cause Order*").[21]

17. On May 2, 2023, the Court issued "Amended Interim Order."[22]

18. On May 12, 2023, the Court had a continued hearing ("*Continued Hearing*") on the Show Cause Order.[23]

19. On July 7, 2023, "Brief of the United States Trustee" ("*United States Trustee's Brief*") was filed by the United States Trustee.[24]

20. On July 7, 2023, "Brief of Rodarius Mitchell, Respondent Regarding the Inapplicability of 11 U.S.C. § 110 to the Present Proceedings" ("*Mitchell's Brief*") was filed by Mitchell.[25]

## II.    CONCLUSIONS OF LAW

### A.  Jurisdiction and Venue

This Court holds jurisdiction pursuant to 28 U.S.C. § 1334 and exercises its jurisdiction in accordance with Southern District of Texas General Order 2012–6.[26] Section 157 allows a district court to "refer" all bankruptcy and related cases to the bankruptcy court, wherein the latter court will appropriately preside over the matter.[27] While claims under 11 U.S.C. § 110 are not enumerated core proceedings under 28 U.S.C. § 157, they invoke substantive rights established by the Bankruptcy Code.[28] Therefore, the instant proceedings are core.

Furthermore, this Court may only hear a case in which venue is proper.[29] 28 U.S.C. § 1409(a) provides that "a proceeding arising under title 11 or arising in or related to a case under

---

[21] ECF No. 9.
[22] ECF No. 10.
[23] ECF No. 16.
[24] ECF No. 43.
[25] ECF No. 44.
[26] *In re*: *Order of Reference to Bankruptcy Judges*, Gen. Order 2012–6 (S.D. Tex. May 24, 2012).
[27] 28 U.S.C. § 157(a); *see also* In re: Order of Reference to Bankruptcy Judges, Gen. Order 2012-6 (S.D. Tex. May 24, 2012).
[28] *In re Bascus*, 548 B.R. 742, 745 (Bankr. S.D. Tex. 2016) ("While claims under 11 U.S.C. §§ 110 and 526-528 are not enumerated core proceedings under 28 U.S.C. § 157, they invoke substantive rights established by the Bankruptcy Code."); *In re Morrison*, 555 F.3d 473, 479 (5th Cir. 2009) ("Core proceedings are those that invoke a substantive right provided by title 11") (internal quotations omitted); *In re Harrelson*, 537 B.R. 16, 27 (M.D. Ala. 2015); *In re Kohlenberg*, 2012 Bankr. LEXIS 3822, 2012 WL 3292854 (N.D. Ohio Aug. 10, 2012).
[29] 28 U.S.C. § 1408.

title 11 may be commenced in the district court in which such case is pending." Each of the debtors reside within the Southern District of Texas and therefore, venue of this proceeding is proper.

## B.  Constitutional Authority to Enter a Final Order

While bankruptcy judges can issue final orders and judgments for core proceedings, absent consent, they can only issue reports and recommendations on non-core matters.[30]  The bankruptcy petition preparer show cause matter pending before this invokes substantive rights established by the Bankruptcy Code.[31]  Accordingly, this Court concludes that the narrow limitation imposed by *Stern* does not prohibit this Court from entering a final order here.[32]  Alternatively, this Court has constitutional authority to enter a final order because all parties in interest have consented, impliedly if not explicitly, to adjudication of this dispute by this Court.[33]  None of these parties has ever objected to this Court's constitutional authority to enter a final order or judgment. These circumstances unquestionably constitute implied consent.  Thus, this Court wields the constitutional authority to enter a final order here.

### III.    ANALYSIS

## A.  Whether Mitchell is a bankruptcy petition preparer under § 110

---

[30] *See* 28 U.S.C. §§ 157(b)(1), (c)(1); *see also Stern v. Marshall*, 564 U.S. 462, 480 (2011); *Wellness Int'l Network, Ltd. v. Sharif*, 135 S. Ct. 1932, 1938–40 (2015).

[31] *In re Bascus*, 548 B.R. 742, 745 (Bankr. S.D. Tex. 2016) ("While claims under 11 U.S.C. §§ 110 and 526-528 are not enumerated core proceedings under 28 U.S.C. § 157, they invoke substantive rights established by the Bankruptcy Code."); *In re Morrison*, 555 F.3d 473, 479 (5th Cir. 2009) ("Core proceedings are those that invoke a substantive right provided by title 11") (internal quotations omitted); *In re Harrelson*, 537 B.R. 16, 27 (M.D. Ala. 2015); *In re Kohlenberg*, 2012 Bankr. LEXIS 3822, 2012 WL 3292854 (N.D. Ohio Aug. 10, 2012).

[32] See, e.g., *Badami v. Sears (In re AFY, Inc.),* 461 B.R. 541, 547-48 (8th Cir. BAP 2012) ("Unless and until the Supreme Court visits other provisions of Section 157(b)(2) we take the Supreme Court at its word and hold that the balance of the authority granted to bankruptcy judges by Congress in 28 U.S.C. § 157(b)(2) is constitutional."); see also *Tanguy v. West (In re Davis),* No. 00-50129, 538 F. App'x 440, 443 (5th Cir. 2013) ("[W]hile it is true that *Stern* invalidated 28 U.S.C. § 157(b)(2)(C) with respect to 'counterclaims by the estate against persons filing claims against the estate,' *Stern* expressly provides that its limited holding applies only in that 'one isolated respect' .... We decline to extend *Stern's* limited holding herein.") (Citing *Stern*, 564 U.S. at 475, 503, 131 S.Ct. 2594).

[33] *Wellness Int'l Network, Ltd. v. Sharif*, 575 U.S.655, 135 S. Ct. 1932, 1947, 191 L.Ed.2d 911 (2015) ("*Sharif* contends that to the extent litigants may validly consent to adjudication by a bankruptcy court, such consent must be expressed. We disagree. Nothing in the Constitution requires that consent to adjudication by a bankruptcy court be express. Nor does the relevant statute, 28 U.S.C. § 157, mandate express consent . . . .").

Sections 110(b)-(l) were enacted to protect consumers from abuses by non-lawyer petition preparers.[34]  Congress added § 110 to the Bankruptcy Code in 1994 in response to abuses by non-attorneys selling their "assistance services" to unwary debtors.[35]  "Bankruptcy petition preparer" is defined in § 110 of the Bankruptcy Code as "a person, other than an attorney for the debtor or an employee of such attorney under the direct supervision of such attorney, who prepares for compensation a document for filing" by the debtor in connection with his bankruptcy case.[36] "Document for filing" is defined as "a petition or any other document prepared for filing by a debtor in a United States bankruptcy court or a United States district court in connection with a case under [Title 11]."[37]  Furthermore, § 101(41) defines a "person" to include a corporation.[38]

Section 110 "proscribes virtually all conduct falling into the category of guidance or advice effectively restricting 'petition preparers' to rendering only scrivening/typing services."[39] Anything more, "be it suggesting bankruptcy as an available remedy for a debtor's financial problems, merely explaining how to fill out the schedules, or answering questions about exemptions or whether a claim is or is not secured will invariably contravene either state laws proscribing the unauthorized practice of law or other more specific provisions of § 110."[40]

Here, the United States Trustee asserts that Mitchell violated numerous sections of 11 U.S.C. § 110 by improperly assisting (1) Rosales; (2) Moreno; (3) Villareal; (4) Herrera; (5) Washington; (6) Kettle; and (7) Young.[41]  As a preliminary matter, the Court must first analyze whether Mitchell served as a bankruptcy petition preparer for each of the seven debtors.  If Mitchell

---

[34] *See generally In re Murray*, 194 B.R. 651 (Bankr. D. Ariz. 1996); *In re Gavin*, 181 B.R. 814 (Bankr. E.D. Pa. 1995).
[35] *In re Rodriguez*, 2007 U.S. Dist. LEXIS 11858, 2007 WL 593582 *2 n.1 (W.D. Tex. 2007).
[36] 11 U.S.C. § 110(a)(1).
[37] 11 U.S.C. § 110(a)(2).
[38] 11 U.S.C. § 101(41).
[39] *In re Martinez*, 72 Fed. Appx. 138, 2003 WL 21849832, at *3 (5th Cir. 2003) (citing *In re Guttierez*, 248 B.R. 287, 297-98 (Bankr. W.D. Tex. 2000).
[40] *Id.*
[41] ECF No. 43.

served as a bankruptcy petition preparer, the Court would then analyze any specific violations of § 110 for each debtor.

### 1. Michael Rosales

Mitchell testified at the Initial Hearing that he contacted Rosales after discovering that his home was on a list of upcoming foreclosures.[42]  The purpose of this solicitation was to advertise various consulting services relating to Rosales's property.[43]  Eventually, Mitchell entered into a consulting agreement with Rosales in exchange for $4,500.00.[44]  However, Rosales only wound-up paying Mitchell $2,300.00.[45]

Initially, Mitchell planned on assisting Rosales with a loan modification on his home.[46]  However, Mitchell later advised Rosales to file for bankruptcy to stop the foreclosure of his property.[47]  Mitchell emailed instructions to Rosales on how to fill out the forms including, selecting to file under chapter 7,[48] and directing Rosales as to where to file the forms with the bankruptcy court.[49]  Mitchell also advised Rosales to file an application to pay his filing fee in installments and sent instructions to Rosales on how he could do so.[50]

As detailed above, "Bankruptcy petition preparer" is defined in § 110 of the Bankruptcy Code as "a person, other than an attorney for the debtor or an employee of such attorney under the direct supervision of such attorney, who prepares for compensation a document for filing" by the debtor in connection with his bankruptcy case.[51]  In this case, Mitchell meets the definition of a

---

[42] ECF No. 24 at 57, ¶¶ 20-25.
[43] *Id.*
[44] ECF No. 4-2.
[45] ECF No. 24 at 57, ¶¶ 11-14.
[46] ECF No. 27 at 45.
[47] *Id.* at 52.
[48] *Id.* at 49.
[49] *Id.* at 50.
[50] *Id.* at 50-51.
[51] 11 U.S.C. § 110(a)(1).

bankruptcy preparer as to Rosales.  First, Mitchell prepared Rosales's chapter 7 petition.  While Mitchell did not physically fill out the chapter 7 petition, numerous courts across the country have found that this omission is not controlling.[52]   In *In re Flores*, this Court explained that "preparation" of a document under §110(a)(1) includes both the physical preparation and the dictation or the determination of the information to be placed on the document.[53]  In the instant matter, Mitchell clearly assisted Rosales in the determination of the information to be placed in the chapter 7 petition.  After presenting Rosales with the suggestion to file bankruptcy, Mitchell then forwarded a list of instructions for filing bankruptcy.[54]  These instructions specifically provided that Rosales should select chapter 7 and how Rosales could apply to pay the filing fee in installments.[55]  Therefore, even though Mitchell did not physically fill out the forms, Mitchell's conduct still constitutes "preparing" the chapter 7 petition under §110(a)(1).  Furthermore, in exchange for preparing Rosales's chapter 7 petition, Mitchell received a fee of $2,300.00.[56]  Thus, it is clear that Mitchell is a person other than Rosales who prepared Rosales's chapter 7 petition for compensation.

Accordingly, with respect to Michael Rosales, Rodarius Mitchell acted as a bankruptcy petition preparer as defined in 11 U.S.C. §110(a)(1).

## 2.  Martin Moreno

---

[52] *See e.g. In re Jolly*, 313 B.R. 295, 300 (Bankr. S.D. Iowa 2004) (holding that "preparation" of a document includes both the physical preparation and the dictation or the determination of the information to be placed on the document by the "preparer"); *In re Springs*, 358 B.R. 236, 241 n. 4 (Bankr. M.D.N.C. 2006) (holding that an individual acted as a "bankruptcy petition preparer" for a Chapter 7 debtor even though he did not himself type the debtor's petition and other bankruptcy documents*); In re Thomas*, 315 B.R. 697, 703 (Bankr. N.D. Ohio 2004) (finding that physically filling out the forms was not necessary to constitute a bankruptcy petition preparer).
[53] *In re Flores*, No. 23-70007, 2023 Bankr. LEXIS 1766 (Bankr. S.D.T.X. 2023).
[54] ECF No. 27 at 49.
[55] *Id.* at 50-51.
[56] ECF No. 24 at 57, ¶¶ 11-14.

As stated above, "Bankruptcy petition preparer" is defined in § 110 of the Bankruptcy Code as "a person, other than an attorney for the debtor or an employee of such attorney under the direct supervision of such attorney, who prepares for compensation a document for filing" by the debtor in connection with his bankruptcy case.[57]  Critically, the statute states that the preparation be "for compensation."[58]  In this case, Mitchell testified that he did not receive compensation from Moreno in exchange for his assistance.[59]  No contrary evidence was admitted refuting that Mitchell failed to collect fees.

The United States Trustee's Brief, however, contends that Mitchell still meets the definition of a bankruptcy petition preparer under § 110 despite failing to charge Moreno a fee.[60] In support, the United States Trustee cites to *In re Nina*.[61]  In that case, several companies set up an indirect payment system in which the debtor paid one company for foreclosure services who in turn dealt with a second company to file skeletal chapter 13 petitions.[62]  Ultimately, the court in *In re Nina* held that both companies were bankruptcy petition preparers despite the fact that the second company never received compensation *directly from the debtor*.[63]  Notably, however, the second company still received compensation for the work done preparing the bankruptcy petitions, it just received the fees indirectly from the first company rather than the debtor.[64]

*In re Nina* is easily distinguishable from the case at hand.  Here, Mitchell received no compensation at all for the services provided to Moreno.[65]  While *In re Nina* is one of several cases across the country to find that an indirect payment system does not prevent a person from being a

---

[57] 11 U.S.C. § 110(a)(1).
[58] *Id.*
[59] ECF No. 27 at 54, ¶¶ 2-12.
[60] ECF No. 43 at 5-6.
[61] 562 B.R. 585, 600 (Bankr. E.D.N.Y. 2016).
[62] *Id.* at 597-98.
[63] *Id.*
[64] *Id.*
[65] ECF No. 27 at 54, ¶¶ 2-12.

bankruptcy petition preparer,[66] this Court is unaware of any cases in which a person was found to be a bankruptcy petition preparer without receiving any compensation.  In fact, in *In re Peterson*,[67] the Bankruptcy Court for the District of Maryland found just the opposite.  In that case, the court held that a company was not a bankruptcy petition preparer when it failed to receive compensation in exchange for assistance that would otherwise constitute that of a bankruptcy petition preparer.[68] There, the Court expressly found that "compensation must be received for preparing bankruptcy documents for filing to fall under the auspices of Section 110."[69]

This Court is persuaded by the reasoning of *In re Peterson*.[70]  As the Supreme Court has stated, "A statute's plain meaning must be enforced."[71]  Section 110(a)(1) states that a bankruptcy petition preparer is one "who prepares for compensation a document for filing…"[72]  To hold that a person may still be a bankruptcy petition preparer without receiving compensation would contravene the plain language of the statute.  Thus, without having received any compensation from Moreno, Mitchell fails to meet the definition of a bankruptcy preparer under § 110.

Accordingly, with respect to Martin Moreno, Rodarius Mitchell did not act as a bankruptcy petition preparer as defined in 11 U.S.C. §110(a)(1).

### 3.  Dominique Villareal

---

[66] *See In re Gaftick*, 333 B.R. 177, 186 (Bankr. E.D.N.Y. 2005) (national franchisor, to which its franchisee remitted a portion of fee collected for preparation of debtor's Chapter 7 petition, schedules, and statement of financial affairs, qualified as BPP, even though it did not receive payment directly from debtor); *see also Adams v. Giordano (In re Clarke)*, 426 B.R. 443, 450 (Bankr. E.D.N.Y. 2009) ("If a franchisor of a petition preparation service prepares documents that are ultimately filed, the franchisor and the franchisee are both petition preparers under the statutory definition.").

[67] Nos. 19-24045, 19-24551, 2022 Bankr. LEXIS 1537, at *116 (Bankr. D. Md. 2022).

[68] *Id.*

[69] *Id.*

[70] *Id.*

[71] *United States Nat'l Bank v. Indep. Ins. Agents of Am.*, 508 U.S. 439, 441, 113 S. Ct. 2173, 2175 (1993).

[72] 11 U.S.C. § 110(a)(1).

As in the Moreno analysis, Mitchell did not serve as a bankruptcy petition preparer with respect to Villareal because he did not receive compensation.  Here, Mitchell testified that he provided bankruptcy forms to Villareal and assisted in filling them out.[73]  However, he did not receive a fee for this work.[74]  Additionally, Mitchell entered into a purchase agreement with Villareal.[75]  The purchase agreement provided that Mitchell would receive a percentage of the sales price of Villareal's home from a buyer if the home was successfully sold.[76]  Mitchell further testified that Villareal's home has not yet closed on a sale and he has not received a commission for the sale of the home.[77]

Section 110 requires that the bankruptcy petition preparers assistance be "for compensation."[78]  In this case, Mitchell has not received any compensation – be it direct payment for assistance in filing the bankruptcy or for a commission on the sale of Villareal's home.[79]  Furthermore, on May 2, 2023, this Court entered an Order in which it canceled all written or oral agreements between Villareal and Mitchell.[80]  Thus, Mitchell cannot receive any compensation for from Villareal even if the home is sold.  Without having received any compensation from Villareal, Mitchell fails to meet the definition of a bankruptcy preparer under § 110.

Accordingly, with respect to Dominique Villareal, Rodarius Mitchell did not act as a bankruptcy petition preparer as defined in 11 U.S.C. §110(a)(1).

**4. Virginia Herrera**

---

[73] ECF No. 47 at 20-21.
[74] *Id.* at 16, ¶¶ 9-16.
[75] *Id.* at 15, ¶¶ 15-25.
[76] *Id.* at 28-29.
[77] *Id.*
[78] 11 U.S.C. § 110(a)(1).
[79] ECF No. 47 at 28-29.
[80] ECF No. 10.

Once again, Mitchell cannot be a bankruptcy petition preparer with respect to Herrera because he did not charge her a fee for any services he provided. Mitchell testified that he did not charge Herrera a fee to assist her because he felt badly that a lender had taken advantage of her financial situation.[81] Additionally, Herrera also testified that Mitchell did not charge her a fee for any assistance he provided.[82] Without having received any compensation from Herrera, Mitchell fails to meet the definition of a bankruptcy preparer under § 110.

Accordingly, with respect to Virginia Herrera, Rodarius Mitchell did not act as a bankruptcy petition preparer as defined in 11 U.S.C. §110(a)(1).

### 5. Laurie Washington

As in several of the cases analyzed above, Mitchell cannot be a bankruptcy petition preparer with respect to Washington because he did not charge her a fee for any services he provided. Mitchell testified that he provided bankruptcy forms to Washington and assisted in filling out some of these forms.[83] However, Mitchell further testified that he did not collect fees from Washington because her income was very low, and he just wanted to help out.[84] No contrary evidence was admitted refuting that Mitchell failed to collect fees. Without having received any compensation from Washington, Mitchell fails to meet the definition of a bankruptcy preparer under § 110.

Accordingly, with respect to Laurie Washington, Rodarius Mitchell did not act as a bankruptcy petition preparer as defined in 11 U.S.C. §110(a)(1).

### 6. Tobias Kettle, Jr.

---

[81] Bankr. Case No. 22-70222, ECF No. 48 at 39-40.
[82] Bankr. Case No. 22-70222, ECF No. 22.
[83] ECF No. 24 at 22.
[84] *Id.*

Mitchell testified that he contacted Kettle after discovering that his home was on a list of upcoming foreclosures.[85]  Mitchell then inquired about whether Kettle was looking to sell his home or whether he wanted to keep it.[86]  After Kettle expressed his desire to keep his home, Mitchell entered into an agreement with Kettle and his wife Amy for consulting services.[87]  The agreement called for Kettle to pay Mitchell $4,500.00, all of which  was eventually paid by Kettle.[88]

In order to keep his home, Mitchell advised Kettle to file for bankruptcy.[89]  Mitchell emailed instructions to Kettle on how to fill out the forms including, selecting to file under chapter 7,[90] and directing Kettle as to where to file the forms with the bankruptcy court.[91]  Additionally, some of the information in the petition was filled out by Mitchell himself.[92]  Mitchell also advised Kettle to file an application to pay his filing fee in installments and sent instructions to Kettle on how he could do so.[93]

As detailed above, "Bankruptcy petition preparer" is defined in § 110 of the Bankruptcy Code as "a person, other than an attorney for the debtor or an employee of such attorney under the direct supervision of such attorney, who prepares for compensation a document for filing" by the debtor in connection with his bankruptcy case.[94]  In this case, Mitchell meets the definition of a bankruptcy preparer as to Kettle.  First, Mitchell conceded at the Initial Hearing that he filled in some of the information in Kettle's chapter 7 petition.[95]  Mitchell also suggested that Kettle file

---

[85] *Id.*  24 at 29.
[86] *Id.*
[87] ECF No. 27 at 62.
[88] *Id.* at 62-63.
[89] *Id.* at 64.
[90] *Id.* at 65.
[91] *Id.*
[92] *Id.* at 64.
[93] *Id.* at 66.
[94] 11 U.S.C. § 110(a)(1).
[95] ECF No. 27 at 64.

chapter 7 in particular despite having no knowledge of the differences between chapters.[96] Additionally, Mitchell provided a list of instructions for filing the remainder of the chapter 7 petition and for filing an application to pay the filing fee in installments.[97]  Therefore, Mitchell's conduct clearly constitutes "preparing" the chapter 7 petition under §110(a)(1).  Furthermore, in exchange for preparing Kettle's chapter 7 petition, Mitchell received a fee of $4,500.00.[98]  Thus, it is clear that Mitchell is a person other than Kettle who prepared Kettle's chapter 7 petition for compensation.

Accordingly, Rodarius Mitchell acted as a bankruptcy petition preparer as defined in 11 U.S.C. §110(a)(1) for Tobias Kettle, Jr.

### 7.  Brandon Young

Once again, Mitchell testified that he contacted Young after discovering that his home was on a list of upcoming foreclosures.[99]  Eventually, Mitchell entered into an agreement with Young for consulting services.[100]  Young paid Mitchell $3,500.00 for this assistance.[101]

After the agreement was executed, Mitchell advised Young to file for bankruptcy.[102] Mitchell emailed instructions to Young on how to fill out the forms including, selecting to file under chapter 7,[103] and directing Young as to where to file the forms with the bankruptcy court.[104] Mitchell also advised Young to file an application to pay his filing fee in installments and sent

---

[96] *Id.* at 65.
[97] *Id.*
[98] *Id.* at 62-63.
[99] ECF No. 27 at 68.
[100] *Id.*
[101] Bankr. Case No. 23-31037 at ECF No. 30.
[102] ECF No. 27 at 69, ¶¶ 11-14.
[103] *Id.* at 69-70.
[104] *Id.*

instructions to Young on how he could do so.[105]  Mitchell also filled in some of the information on the application to pay the filing fee in installments.[106]

As detailed above, "Bankruptcy petition preparer" is defined in § 110 of the Bankruptcy Code as "a person, other than an attorney for the debtor or an employee of such attorney under the direct supervision of such attorney, who prepares for compensation a document for filing" by the debtor in connection with his bankruptcy case.[107]  In this case, Mitchell meets the definition of a bankruptcy preparer as to Young.  First, Mitchell prepared Young's chapter 7 petition.  While Mitchell did not physically fill out the chapter 7 petition, numerous courts across the country have found that this omission is not controlling.[108]  In *In re Flores*, this Court explained that "preparation" of a document under §110(a)(1) includes both the physical preparation and the dictation or the determination of the information to be placed on the document.[109]  In the instant matter, Mitchell clearly assisted Young in the determination of the information to be placed in the chapter 7 petition.  After presenting with the suggestion to file bankruptcy, Mitchell then forwarded a list of instructions for filing bankruptcy.[110]  These instructions specifically provided that Young should select chapter 7 and how Young could apply to pay the filing fee in installments.[111]  Additionally, Mitchell personally filled out a portion of the application to pay the filing fee in installments.[112]  Therefore, Mitchell's conduct constitutes "preparing" the chapter 7

---

[105] ECF No. 24 at 14.
[106] *Id.*
[107] 11 U.S.C. § 110(a)(1).
[108] *See e.g. In re Jolly*, 313 B.R. 295, 300 (Bankr. S.D. Iowa 2004) (holding that "preparation" of a document includes both the physical preparation and the dictation or the determination of the information to be placed on the document by the "preparer"); *In re Springs*, 358 B.R. 236, 241 n. 4 (Bankr. M.D.N.C. 2006) (holding that an individual acted as a "bankruptcy petition preparer" for a Chapter 7 debtor even though he did not himself type the debtor's petition and other bankruptcy documents*); In re Thomas*, 315 B.R. 697, 703 (Bankr. N.D. Ohio 2004) (finding that physically filling out the forms was not necessary to constitute a bankruptcy petition preparer).
[109] *In re Flores*, No. 23-70007, 2023 Bankr. LEXIS 1766 (Bankr. S.D.T.X. 2023).
[110] ECF No. 27 at 69, ¶¶ 11-14.
[111] ECF No. 24 at 14.
[112] *Id.*

petition under §110(a)(1).  Furthermore, in exchange for preparing Young's chapter 7 petition, Mitchell received a fee of $3,500.00.  Thus, it is clear that Mitchell is a person other than Young who prepared Young's chapter 7 petition for compensation.

Accordingly, with respect to Brandon Young, Rodarius Mitchell acted as a bankruptcy petition preparer as defined in 11 U.S.C. §110(a)(1).

As detailed above, this Court has determined that Mitchell served as a bankruptcy petition preparer under 11 U.S.C. § 110(a)(1) for (1) Rosales; (2) Kettle; and (3) Young.  Therefore, the Court will analyze whether Mitchell violated any part of § 110 with respect to these three debtors only.  Since the Court has determined that Mitchell did not act as a bankruptcy petition preparer for (1) Moreno; (2) Villareal; (3) Herrera; and (4) Washington, the Court need not analyze any possible violations for these four debtors.

**B.  Mitchell's violations of § 110**

Section 110 imposes numerous restrictions on the activities of bankruptcy petition preparers and authorizes the imposition of sanctions for specific violations of the statute.[113]  As detailed below, Mitchell has violated 11 U.S.C. § 110(b), (c), (e) and (h). The Court will discuss each in turn.

**1.  11 U.S.C. § 110(b)**

In relevant part, § 110(b) provides that:

> (1) A bankruptcy petition preparer who prepares a document for filing shall sign the document and print on the document the preparer's name and address. If a bankruptcy petition preparer is not an individual, then an officer, principal, responsible person, or partner of the bankruptcy petition preparer shall be required to –
>> (A) sign the document for filing
>> (B) print on the document the name and address of that officer, principal, responsible person or partner.

---

[113] 11 U.S.C. § 110.

(2) (A) Before preparing any document for filing or accepting any fees from or on behalf of a debtor, the bankruptcy petition preparer shall provide to the debtor a written notice which shall be on an official form prescribed by the Judicial Conference of the United States in accordance with rule 9009 of the Federal Rules of Bankruptcy Procedure….

As discussed above, this Court has already found that Mitchell served as a bankruptcy petition preparer for (1) Rosales; (2) Kettle; and (3) Young.  Despite being a bankruptcy petition preparer, Mitchell failed to sign any of the bankruptcy petitions.[114]  Furthermore, Mitchell also failed to print his name and address on any of the petitions.[115]  Thus, Mitchell violated § 110(b)(1) with respect to (1) Rosales; (2) Kettle; and (3) Young.

Additionally, Mitchell provided no evidence that before preparing any of the petitions or accepting fees, he provided the debtors with written notice on an official form prescribed by the Judicial Conference of the United States in accordance with rule 9009 of the Federal Rules of Bankruptcy Procedure.  Thus, Mitchell also violated § 110(b)(2) with respect to (1) Rosales; (2) Kettle; and (3) Young.

Accordingly, Rodarius Mitchell violated § 110(b)(1) and § 110(b)(2) with respect to (1) Michael Rosales; (2) Tobias Kettle, Jr.; and (3) Brandon Young.

## 2. 11 U.S.C. § 110(c)

In relevant part, § 110(c) provides that:

(1) a bankruptcy petition preparer who prepares a document for filing shall place on the document, after the preparer's signature, an identifying number that identifies individuals who prepared the document.

---

[114] Bankr. Case No. 23-70020 at ECF No. 1; Bankr. Case No. 23-30033 at ECF No. 1; Bankr. Case No. 22-33890 at ECF No. 1.

[115] Bankr. Case No. 23-70020 at ECF No. 1; Bankr. Case No. 23-30033 at ECF No. 1; Bankr. Case No. 22-33890 at ECF No. 1.

On all three of the bankruptcy petitions for Rosales, Kettle, and Young, Mitchell failed to

include an identifying number that identifies individuals who prepared the document.[116]

Accordingly, Rodarius Mitchell violated § 110(c)(1) with respect to (1) Michael Rosales;

(2) Tobias Kettle, Jr.; and (3) Brandon Young.

**11 U.S.C. § 110(e)**

In relevant part, § 110(e) provides that:

> (2)(A) A bankruptcy petition preparer may not offer a potential bankruptcy debtor
> any legal advice, including any legal advice described in subparagraph (B).
>   (B) The legal advice referred to in Subparagraph (A) includes advising the
> debtor –
>       (i) whether –
>           (I) to file a petition under this title; or
>           (II) commencing a case under chapter 7, 11, 12, or 13 is appropriate;
>       (iii) whether the debtor will be able to retain the debtor's home, car, or other
> property after commencing a case under this title
>       (vii) concerning bankruptcy procedures and rights.

The Court will discuss Rosales, Kettle, and Young in turn.

**a. Rosales**

At the Initial Hearing, Mitchell testified that he advised Rosales to file for bankruptcy under

chapter 7.[117]  Mitchell then emailed instructions to Rosales on how to fill out the forms including,

selecting to file under chapter 7,[118] and directing Rosales as to where to file the forms with the

bankruptcy court.[119]  Section 110(e)(2)(B)(i)(I)&(II) expressly prohibits a bankruptcy petition

preparer from providing legal advice as to whether to file a petition or which title the debtor should

chose.[120]  Furthermore, Mitchell also admitted that he advised Rosales to file bankruptcy in order

---

[116] Bankr. Case No. 23-70020 at ECF No. 1; Bankr. Case No. 23-30033 at ECF No. 1; Bankr. Case No. 22-33890 at ECF No. 1.
[117] ECF No. 27 at 52.
[118] *Id.* at 49.
[119] *Id.* at 50.
[120] 11 U.S.C. § 110(e)(2)(B)(i)(I)&(II).

to protect his home from an impending foreclosure.[121]  This conduct is expressly prohibited by §
110(e)(2)(B)(iii).[122]  Finally, Mitchell's instructions also explained how to file an application to
pay the filing fee in installments.[123]  This violates § 110(e)(2)(B)(vii).[124]  Thus, the Court finds
that Mitchell improperly offered Rosales legal advice.

Accordingly, as to Michael Rosales, Rodarius Mitchell violated § 110(e)(2)(A).

**b.  Kettle**

At the Initial Hearing, Mitchell testified that he advised Kettle to file for bankruptcy under
chapter 7 and even began filling out the petition himself.[125]  Mitchell also emailed instructions to
Kettle on how to fill out the forms including, selecting to file under chapter 7,[126] and directing
Kettle as to where to file the forms with the bankruptcy court.[127] Section 110(e)(2)(B)(i)(I)&(II)
expressly prohibits a bankruptcy petition preparer from providing legal advice as to whether to file
a petition or which title the debtor should chose.[128]  Furthermore, Mitchell also admitted that he
advised Kettle to file bankruptcy in order to protect his home.[129]  This conduct is expressly
prohibited by § 110(e)(2)(B)(iii).[130]  Finally, Mitchell's instructions also explained how to file an
application to pay the filing fee in installments.[131]  This violates § 110(e)(2)(B)(vii).[132]  Thus, the
Court finds that Mitchell improperly offered Kettle legal advice.

Accordingly, as to Tobias Kettle, Jr., Rodarius Mitchell violated § 110(e)(2)(A).

---

[121] ECF No. 27 at 52.
[122] 11 U.S.C. § 110(e)(2)(B)(iii).
[123] ECF No. 27 at 50-51.
[124] 11 U.S.C. § 110(e)(2)(B)(vii).
[125] ECF No. 27 at 64.
[126] *Id.* at 65.
[127] *Id.*
[128] 11 U.S.C. § 110(e)(2)(B)(i)(I)&(II).
[129] ECF No. 27 at 64.
[130] 11 U.S.C. § 110(e)(2)(B)(iii).
[131] ECF No. 27 at 65.
[132] 11 U.S.C. § 110(e)(2)(B)(vii).

### c. Young

At the Initial Hearing, Mitchell testified that he advised Young to file for bankruptcy under chapter 7.[133]  Mitchell then emailed instructions to Young on how to fill out the forms including, selecting to file under chapter 7,[134] and directing Young as to where to file the forms with the bankruptcy court.[135]  Section 110(e)(2)(B)(i)(I)&(II) expressly prohibits a bankruptcy petition preparer from providing legal advice as to whether to file a petition or which title the debtor should chose.[136]  Furthermore, Mitchell also admitted that he advised Young to file bankruptcy in order to protect his from an impending foreclosure.[137]  This conduct is expressly prohibited by § 110(e)(2)(B)(iii).[138]  Finally, Mitchell's instructions also explained how to file an application to pay the filing fee in installments and Mitchell filled out some of the information himself.[139]  This violates § 110(e)(2)(B)(vii).[140]  Thus, the Court finds that Mitchell improperly offered Young legal advice.

Accordingly, as to Brandon Young, Rodarius Mitchell violated § 110(e)(2)(A).

### 3. 11 U.S.C. § 110(h)

In relevant part, § 110(h) provides that:

(2) A declaration under penalty of perjury by the bankruptcy petition preparer shall be filed together with the petition, disclosing any fee received from or on behalf of the debtor within 12 months immediately prior to the filing of the case, and any unpaid fee charged to the debtor. If rules or guidelines setting a maximum fee for services have been promulgated or prescribed under paragraph (1), the declaration under this paragraph shall include a certification that the bankruptcy petition preparer complied with the notification requirement under paragraph (1).

---

[133] ECF No. 27 at 69, ¶¶ 11-14.
[134] *Id.* at 69-70.
[135] *Id.*
[136] 11 U.S.C. § 110(e)(2)(B)(i)(I)&(II).
[137] ECF No. 24 at 11-12.
[138] 11 U.S.C. § 110(e)(2)(B)(iii).
[139] ECF No. 24 at 14.
[140] 11 U.S.C. § 110(e)(2)(B)(vii).

The Court will discuss Rosales, Kettle, and Young in turn.

### a. Rosales

Mitchell received a fee of $2,300.00 from Rosales in exchange for his counsel in filing the chapter 7 petition.[141]   Despite receiving this fee, Mitchell failed to file a declaration disclosing receipt of this fee in connection with Rosales's chapter 7 petition.[142]

Accordingly, as to Michael Rosales, Rodarius Mitchell violated § 110(h)(2).

### b. Kettle

Mitchell received a fee of $4,500.00 from Kettle in exchange for his counsel in filing the chapter 7 petition.[143]   Despite receiving this fee, Mitchell failed to file a declaration disclosing receipt of this fee in connection with Kettle's chapter 7 petition.[144]

Accordingly, as to Tobias Kettle, Jr., Rodarius Mitchell violated § 110(h)(2).

### c. Young

Mitchell received a fee of $3,500.00 from Young in exchange for his counsel in filing the chapter 7 petition.[145]   Despite receiving this fee, Mitchell failed to file a declaration disclosing receipt of this fee in connection with Rosales's chapter 7 petition.[146]

Accordingly, as to Brandon Young, Rodarius Mitchell violated § 110(h)(2).

As detailed above, this Court has determined that Mitchell violated 11 U.S.C. § 110(b)(1), (b)(2), (c)(1), (e)(2)(A) and (h)(2) with respect (1) Rosales; (2) Kettle; and (3) Young.  Therefore, the Court will next analyze appropriate sanctions as a result of these violations.

## C.  Sanctions of Mitchell for violations of § 110

---

[141] ECF No. 24 at 57, ¶¶ 11-14.
[142] Bankr. Case No. 23-70020 at ECF No. 1.
[143] ECF No. 27 at 62-63.
[144] Bankr. Case No. 23-30033 at ECF No. 1
[145] Bankr. Case No. 23-31037 at ECF No. 30.
[146] Bankr. Case No. 22-33890 at ECF No. 1.

### 1.   11 U.S.C. § 110(j)

The bankruptcy court may enjoin a preparer from engaging in specific conduct or may completely enjoin it from acting as a bankruptcy petition preparer.[147]  If the court finds that the bankruptcy petition preparer (i) violated section 110 or any other provision of the Bankruptcy Code, (ii) misrepresented its experience or education, or (iii) "engaged in any other fraudulent, unfair, or deceptive conduct," the court may enjoin it from engaging in such conduct.[148]  In this case, the Court has determined that Mitchell violated 11 U.S.C. § 110(b)(1), (b)(2), (c)(1), (e)(2)(A) and (h)(2). Thus, the Court finds it appropriate to enjoin Mitchell from committing any further violations.

Accordingly, within the Southern District of Texas Bankruptcy Courts, Rodarius Mitchell is enjoined from: (i) giving, providing, or offering advice and counsel to any person regarding their eligibility to file bankruptcy or the consequences to them of filing a bankruptcy case under Title 11 of the United States Code; (ii) encouraging, counseling, advising or assisting any person with filing a bankruptcy case under Title 11 of the United States Code; and (iii) from engaging in the unauthorized practice of law, as defined in §§ 81.101 and 81.102 Tex. Govt. Code Ann.

### 2.   11 U.S.C. § 110(h)(3)(B)

Section 110(h)(3)(B) provides that "[a]ll fees charged by a bankruptcy petition preparer may be forfeited in any case in which the bankruptcy petition preparer fails to comply with this subsection [(h)] or subsection (b), (c), (d), (e), (f), or (g)."[149]  Here, the Court has determined that

---

[147] 11 U.S.C. § 110(j)(2)(A), (B); *In re Abel*, Nos. 19-10010, 19-01003, 2019 Bankr. LEXIS 3129, at *24 (Bankr. D. Vt. 2019).

[148] 11 U.S.C. § 110(j)(2)(A).

[149] *See* 11 U.S.C. § 110(h)(3)(B); *Harrington v. Maali (In re Ortega)*, 629 B.R. 529, 536 (B.A.P. 1st Cir. 2021); *In re Cash*, No. 12-30424-SGJ-13, 2013 Bankr. LEXIS 1074, at *27 (Bankr. N.D. Tex. 2013) ("[A]ll fees charged by a bankruptcy petition preparer may be forfeited in any case in which the bankruptcy petition preparer fails to comply with section 110(b), (c), (d), (e), (f), (g) or (h)."); *McDow v. Skinner (In re Jay)*, 446 B.R. 227, 254 (Bankr. E.D. Va. 2010).

Mitchell violated 11 U.S.C. § 110(b)(1), (b)(2), (c)(1), (e)(2)(A) and (h)(2).  Furthermore, Mitchell charged Rosales $2,300.00;[150] Kettle $4,500.00;[151] and Young $3,500.00, for the services resulting in these violations.[152]

Accordingly, the fees obtained by Rodarius Mitchell are forfeited and Rodarius Mitchell must, on or before August 28, 2023, reimburse Michael Rosales $2,300.00; Tobias Kettle, Jr. $4,500.00; and Brandon Young $3,500.00, in good and sufficient funds.

### 3.  11 U.S.C. § 110(l)

Section 110(l)(1) states, "[a] bankruptcy petition preparer who fails to comply with any provision of subsection (b), (c), (d), (e), (f), (g), or (h) may be fined not more than $500 for each such failure."[153]  Here, the Court has previously determined that Mitchell violated 11 U.S.C. § 110(b)(1), (b)(2), (c)(1), (e)(2)(A) and (h)(2) with respect (1) Rosales; (2) Kettle; and (3) Young. These five violations across each of the three debtor's cases result in fifteen total violations.  Given that Mitchell failed to disclose his involvement and recklessly guided numerous individuals into bankruptcy without knowledge of the implications, the Court finds that it is appropriate to impose a fine of $500.00 for each violation, resulting in a total of $7,500.00.

Section 110(l)(2) further provides, "[t]he Court shall triple the amount of a fine assessed under paragraph (1) in any case in which the court find that a bankruptcy petition preparer ... prepared a document for filing in a manner that failed to disclose the identity of the bankruptcy

---

[150] ECF No. 24 at 57, ¶¶ 11-14.
[151] ECF No. 27 at 62-63.
[152] Bankr. Case No. 23-31037 at ECF No. 30.
[153] 11 U.S.C. § 110(l)(1); *Hills v. McDermott (In re Wicker)*, 702 F.3d 874, 877 (6th Cir. 2012) ("Under § 110(l)(1), the bankruptcy court may order a bankruptcy petition preparer who does not comply with § 110(b) through (h) to pay a $500 fine for each violation."); *In re Torres*, No. 14-50122, 2015 Bankr. LEXIS 221, at *39 (Bankr. S.D. Tex. 2015) ("[T]he Court may impose a fine against a petition preparer that fails to comply with any provision of 11 U.S.C. §§ 110(b), (c), (d), (e), (f), (g) or (h).").

petition preparer."[154]  Here, Mitchell did not disclose its identity on any of the three chapter 7 petitions for Rosales, Kettle, and Young.[155]  Thus, the Court finds cause to triple the $7,500.00 fine for a total fine of $22,500.00.

Accordingly, Rodarius Mitchell is fined $22,500.00 and must, on or before August 28, 2023, remit such payment to the United States Trustee.

### IV.   CONCLUSION

An order consistent with this Memorandum Opinion will be entered on the docket simultaneously herewith.

SIGNED July 26, 2023

Eduardo V. Rodriguez
Chief United States Bankruptcy Judge

---

[154] 11 U.S.C. § 110(l)(2)(D); *see In re Bennett*, No. 18-10346, 2019 Bankr. LEXIS 3037, at *16 (Bankr. D. Vt. 2019) (finding that fines must be tripled under 11 U.S.C. § 110(l)(2) where bankruptcy petition preparer failed to disclose involvement).
[155] Bankr. Case No. 23-70020 at ECF No. 1; Bankr. Case No. 23-30033 at ECF No. 1; Bankr. Case No. 22-33890 at ECF No. 1.